ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2006 NOV 22  P 2: 44

DUBLIN DIVISION

CLERK C. Adams
SO. DIST. OF GA.

| | | |
|---|---|---|
| PATRICK FLORENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 306-087 |
| | ) | |
| JAMES E. DONALD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison ("Johnson") in Wrightsville, Georgia, commenced the above-captioned case in the Middle District of Georgia pursuant to 42 U.S.C. § 1983. See Florence v. Donald, et al., 5:06-cv-330-DF (M.D. Ga. Sept. 22, 2006). As it appeared that the events in question occurred in Wrightsville, Georgia, the Honorable Claude W. Hicks, Jr., United States Magistrate Judge, transferred the case to this District on September 27, 2006. The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") on October 6, 2006, and, in compliance with the Court's Order, Plaintiff signed and returned a Consent to Collection of Fees form and a certified copy of his prisoner trust account. (See doc. no. 12). Presently before the Court is Plaintiff's "Amended Complaint and Motion for a Preliminary Injunction" (doc. no. 8), "Motion for Leave to File

Amended Complaint" (doc. no. 11),[1] and "Motion for Preliminary Injunction and Temporary Restraining Order" (doc. no. 13).[2]

Because Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint (doc. no. 1), the Court finds the following. Plaintiff names the following Defendants: (1) James E. Donald, Georgia Department of Corrections Commissioner; (2) William F. Amideo, Georgia Department of Corrections General Counsel; and (3) Stan Sheppard, Deputy Warden at Johnson. (Doc. no. 1, pp. 1, 5).

### A. Plaintiff's Claims

Plaintiff alleges that he has a pending restraining order in Florence v. Ankoh, 1:04-cv-038-WLS-RLH (M.D. Ga. Mar. 25, 2004). (Doc. no. 1, p. 4). On August 1, 2006, Plaintiff states that he was transferred to Johnson. (Id.). When Plaintiff arrived at Johnson, he refused housing in the general population because he claimed it may affect the validity of

---

[1] In Plaintiff's "Motion for Leave to File Amended Complaint," Plaintiff sought to clarify the case numbers for prior cases in which he has previously been granted leave to proceed IFP. The Court recognizes that Plaintiff did not fully amend his complaint; therefore, the Court will consider Plaintiff's original and amended complaint together.

[2] Plaintiff's two motions for preliminary injunction (doc. nos. 8, 13) are basically identical.

the pending restraining order. As such, he requested to be placed in segregation pending a transfer. As a result of his failure to accept housing in the general population, Plaintiff was given a total of six disciplinary reports. Plaintiff's belief that he should not be housed at Johnson apparently arises from the fact that Defendants Donald and Amideo did not object to his request in Florence, 1:04-cv-038, to be housed temporarily at Lee State Prison pending the disposition of that case. (Id.).

Plaintiff further alleges that he has been denied access to the courts by being placed in segregation before his transfer to a pre-release center. Plaintiff also protests the fact that the Board of Pardons and Parole will not release him because a satisfactory residence plan has not been submitted. (Id. at 1, 9). Plaintiff claims that, although the Board of Pardons and Parole states that he is banned from Decatur County, he has never committed a felony in this area. He concludes that Defendants know that he only has family in Decatur County and, thus, have concocted this banishment order in retaliation for filing his previous civil action. Plaintiff also alleges that he is being denied access to a medical doctor, muscle relaxers, a medical exam, an eye exam, and various other forms of medical care which were required by a temporary restraining order filed in Florence, 1:04-cv-038. Plaintiff is seeking four million dollars in damages, and he alleges that he has filed grievances related to his claims. (Id. at 2, 5).

### B. Plaintiff's Preliminary Injunction

Plaintiff's motions for injunctive relief (doc. nos. 8, 13) claim that with regard to two of his pending cases, Florence, 1:04-cv-038, and Florence v. Roberts, 1:04-cv-00025-WLS-RLH (M.D. Ga. Mar. 8, 2004) (petition for habeas corpus under 28

U.S.C. § 2254), Defendant Sheppard placed incorrect case numbers on his prisoner trust account. (Doc. no. 8, p. 1). Plaintiff claims that, as a result, he was unable to "supplement" his restraining order in <u>Florence</u>, 1:04-cv-038, prior to his transfer. Presumably, Plaintiff is seeking a Court Order requiring that the proper case numbers be placed on his account. Plaintiff also requests, pursuant to the restraining order in <u>Florence</u>, 1:04-cv-038, access to blood pressure medicine, muscle relaxers, a doctor's exam, and to be transferred to Lee State Prison pending the outcome of that case.

## II. DISCUSSION

### A. Plaintiff's Motions for Injunctive Relief

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest.[3] <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing <u>All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.</u>, 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the "burden of persuasion" as to the four requisites." <u>All Care Nursing Serv., Inc.</u>, 887 F.2d at 1537.

---

[3] Here, Plaintiff styled one of his motions as a motion for both a temporary restraining order and a preliminary injunction. (<u>See</u> doc. no. 13). The Court has evaluated Plaintiff's requests under the well-known standards generally applicable to both types of requests for injunctive relief. <u>Bieros v. Nicola</u>, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (citation omitted)).

4

In the instant matter, Plaintiff is not entitled to injunctive relief because he fails to show a substantial likelihood that he will prevail on the merits, as he does not even address the merits of his claim. Rather, he asserts that his prison trust account has not been properly labeled to deduct court costs resulting from the pending cases and that he has been prejudiced because he cannot supplement his case filings. This is a totally separate matter from the issues raised in his current complaint pending before this Court. See Part I.A., *supra*. Furthermore, the request for a temporary restraining order Plaintiff filed Florence, 1:04-cv-038-WLS-RLH, which he seeks to enforce through his motions for preliminary injunction in this case, has been denied. See id. at doc. no. 62, *adopted by*, doc. no. 87. Thus, both Plaintiff's claim for injunctive relief, and the overarching claim that he should be transferred to Lee State Prison and be provided with medical care pursuant to the restraining order, fails as a matter of law.[4] As Plaintiff cannot satisfy all four requirements outlined above for injunctive relief, his motions should be **DENIED**.[5]

## B. Screening of the Complaint

With regard to Plaintiff's remaining claim, that he was improperly denied parole because the Board of Pardons and Parole erroneously determined that he did not present a

---

[4]Plaintiff's previous motion for injunctive relief does not appear to even address the relief that he presently claims he is entitled to: a transfer to Lee State Prison and additional medical care. See Florence, 1:04-cv-038-WLS-RLH, doc. no. 87, p. 2 ("Plaintiff sought an order directing Respondents . . . to return his personal legal materials confiscated while he was confined at Lee State Prison."). Moreover, Plaintiff would only be entitled to such relief pursuant to a court order, not simply because Defendants may have failed to respond to his request to remain at Lee State Prison pending the outcome of his case.

[5]Regardless, the Court does not share Plaintiff's view that his ability to file documentation in these other cases would be effected by the prison's alleged negligence on this matter of case numbers on his prison account.

5

satisfactory residence plan, § 1983 is not the proper vehicle for contesting this determination. Georgia prisoners have no protected due-process liberty interest in parole. Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001) (*per curiam*) (citing Sultenfuss v. Snow, 35 F.3d 1494, 1501-03 (11th Cir. 1994) (*en banc*)). Challenges to the method of imposition of parole conditions attack restraints on the parolee's liberty. Thus, such claims are properly brought in habeas petitions, not civil rights complaints.[6]

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions for a preliminary injunction be **DENIED** (doc. nos. 8, 13), that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted, and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 22nd day of November, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6]This is not to say that a Georgia prisoner may never challenge the Board's rules or procedures in a § 1983 complaint. However, to do so, a plaintiff must be seeking to prevent the Board from applying an allegedly unconstitutional procedure or policy. See Thomas v. Ga. State Bd. of Pardons and Paroles, 881 F.2d 1032, 1033 (11th Cir. 1989). In this case, Plaintiff has not identified any reason which suggests that the Board's requirement that an inmate present a satisfactory residence plan is unconstitutional. He merely argues that the condition was improperly imposed and that he should have been released. This claim must be bought in a habeas petition. See Williams v. Wisc., 336 F.3d 576, 579-80 (7th Cir. 2003) (attempt to challenge condition of parole or probation must be brought in a petition for writ of habeas corpus).

6