FILED
U.S. DISTRICT COURT
2007 APR -2 AM 9:56

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| PATRICK FLORENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 306-087 |
| | ) | |
| JAMES E. DONALD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Also before the Court is Plaintiff's "Change of Address, Third Amended Complaint, and Motion for a Preliminary Injunction (TRO)" (doc. no. 16) and four other motions each entitled "Change of Address, Fourth Amended Complaint, and Motion for Preliminary Injunction (TRO)" (doc. nos. 17, 18, 19, 20).

In Plaintiff's "Change of Address, Third Amended Complaint, and Motion for a Preliminary Injunction (TRO)," Plaintiff states that he was transferred from Johnson State Prison to Rivers State Prison, which has high stairs that he is unable to access. (Doc. no. 16, p. 1). Plaintiff further states that although he was authorized to use the prison elevator, he was denied a medical profile access pass and placed in continued segregation on November 21, 2006. (Id.).

Consequently, Plaintiff seeks to add Wendy Squires, Warden at Rivers State Prison, to this action. (Id.).

In Plaintiff's first "Change of Address, Fourth Amended Complaint, and Motion for Preliminary Injunction (TRO)," Plaintiff states that he was transferred from Rivers State Prison to Bostick State Prison.[1] (Doc. no. 17, p. 1). Plaintiff avers that when he arrived at Bostick State Prison, he refused to accept housing, was placed in continued segregation, and is "continued denied access to the Court." (Id.). Plaintiff states that to accept housing at Bostick would "affect the validity of wrongful conviction." (Id.) Plaintiff cites to this case and two of his other pending cases, Florence v. Ankoh, 1:04-cv-038 (M.D. Ga. Mar. 25, 2004), and Florence v. Roberts, 1:04-cv-00025 (M.D. Ga. Mar. 8, 2004), to support this contention. Plaintiff seeks to add Warden Battle, the Warden at Bostick State Prison, to this action. Plaintiff's second and third "Change of Address, Fourth Amended Complaint, and Motion for Preliminary Injunction (TRO)" seek to add every warden in the Georgia Department of Corrections to this action. (Doc. nos. 18, 19). In Plaintiff's fourth "Change of Address, Fourth Amended Complaint, and Motion for Preliminary Injunction (TRO)," Plaintiff seeks to reserve the right "to contest exhaustion of denial of access to the Courts in regard to confinement, Plaintiff does not waive exhaustion." (Doc. 20).

Plaintiff has not been granted leave of the Court to amend his complaint,[2] and similar to his previous motions for a preliminary injunction, Plaintiff fails to address the merits of his complaint. Also, the Court is unable to decipher what injunctive relief Plaintiff seeks through

---

[1]Notably, Rivers State Prison and Bostick State Prison are in Hardwick, Georgia, which is located in the Middle District of Georgia.

[2]Plaintiff has already amended his complaint "once as a matter of course" under Fed. R. Civ. P. 15(a).

these motions. Furthermore, the Court concurs with the Magistrate Judge's Report and Recommendation, and Plaintiff's complaint is due to be dismissed for failure to state a claim upon which relief can be granted.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motions for a preliminary injunction are **DENIED** (doc. nos. 16, 17, 18, 19), this case is **DISMISSED** for failure to state a claim upon which relief can be granted, and this civil action shall be **CLOSED**.[3]

SO ORDERED this 30th day of March, 2007.

JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

---

[3]The Clerk is **DIRECTED** to update Plaintiff's present address on the docket.