# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF GEORGIA

# DUBLIN DIVISION

| | | |
|---|---|---|
| PATRICK FLORENCE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 306-087 |
| JAMES E. DONALD, et al., | ) ) | |
| Defendants. | ) ) | |

# ORDER

Plaintiff Florence, an inmate currently incarcerated at Calhoun State Prison in Morgan, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Before the Court are a number of filings by Plaintiff: a "Motion to Alter Judgment" (Doc. 27); a "Motion to Strike Motion Declaration for Intervention of Body Injure [*sic*], TRO" (Doc. 28), along with a memorandum in support of the motion (Docs. 29); a "Motion for Temporary Restraining Order" (Doc. 30); an "Enlargement Motion, Declaration for Temporary Restraining Order, PI" (Doc. 31); an "Enlargement Declaration Statement to Warden Per Chapter 12-2-4-03"; a "Motion to Enter into Evidence" (Doc. 33); and a second "Motion to Enter into Evidence" (Doc. 34). For the reasons discussed below, the Motions are **HEREBY DENIED**.

## DISCUSSION

Plaintiff's Complaint[1] alleges that the following alleged actions of Defendants' amount to violations of his civil rights under 42 U.S.C. § 1983: (1) improper transfer of Plaintiff to Johnson State Prison; (2) denial of various forms of medical care requested in an allegedly pending restraining order; (3) denial of access to the courts; (4) the Board of Prisons' refusal to release Plaintiff in the absence of a satisfactory residence plan; (5) the Board of Pardons and Parole's banning of Plaintiff from Decatur County in retaliation for civil litigation he initiated while imprisoned.

Pursuant to 28 U.S.C. § 1915(e) and 1915A, the Magistrate Judge performed an initial screening of Plaintiff's claims, and issued a Report and Recommendation ("R&R") recommending that the case be dismissed (Doc. 21). On April 2, 2007, this Court entered an Order adopting the R&R, to which no objections had been filed. The Court denied Plaintiff's motions for a preliminary injunction and dismissed the case for failure to state a claim upon which relief could be granted.

On April 11, 2007, Plaintiff filed an objection (Doc. 23)[2] to the Court's Order pursuant to Fed. R. Civ. P. 59(e),[3] asserting that he never received the R&R because it was mailed to Johnson State Prison one day after he was transferred to Rivers State Prison. Noting the timing of Plaintiff's transfer, as well as Plaintiff's attempt to notify the Court of his change of address, the Court vacated its order

---

[1] In his R&R, the Magistrate Judge considered Plaintiff's Complaint and Amended Complaint together. (Doc. 21)

[2] The Plaintiff filed a second objection on April 20, 2007 (Doc. 24) reiterating the argument in his April 11 filing.

[3] Fed. R. Civ. P. 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

2

adopting the R&R, and allowed Plaintiff thirty days to file objections. In response, Plaintiff filed the Motions presently before the Court.

The R&R correctly recommends dismissing Plaintiff's claims. First, several of Plaintiff's claims are premised on Plaintiff's "pending" request for a temporary restraining order ("TRO") in Florence v. Ankoh, 1:04-cv-038-WLS-RLH (M.D. Ga. Mar. 25, 2004). Plaintiff's request for a temporary restraining order in that matter was denied on August 18, 2006, more than a month before Plaintiff filed the instant action on September 22, 2006. Thus, Plaintiff is not entitled to injunctive relief because, *inter alia*, he has failed to show a substantial likelihood that he will prevail on the merits of the claims contained in his Complaint, which are premised on a non-existent TRO. Second, regarding Plaintiff's claim that he was improperly denied parole, the R&R correctly notes that § 1983 is not the proper vehicle through which to contest parole determinations, as Georgia prisoners lack a protected due-process liberty interest in parole. Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001) (*per curiam*) (citing Sultenfuss v. Snow, 35 F.3d 1494, 1501-03 (11th Cir. 1994) (*en banc*)).

As mentioned above, Plaintiff submitted several motions subsequent to this Court's April 2, 2007 Order adopting the R&R (Docs. 27, 28, 29, 30, 31 & 32). In his "Motion to Alter Judgment" (Doc. 27), Plaintiff requests that his claims be adjudicated by this Court. Plaintiff also reiterates his claim that his transfer to Johnson State Prison was improper as it caused him to be unable to supplement or revive the TRO supposedly in effect. In addition, Plaintiff makes new allegations that he was confined in isolation and unlawfully transferred in retaliation for his previous requests for injunctive relief. Plaintiff's "Motion to Strike Motion, Declaration for Intervention of Body Injure [*sic*], TRO" (Doc. 28) and accompanying memorandum (Doc. 29) ask the Court to strike the instant action and consider instead the claims outlined in the motion (Doc. 29), wherein Plaintiff complains of several injuries not alleged in his Complaint, including abuse by his cellmate, confinement in isolation, and lack of access to ink pens and other

3

supplies required for the preparation of legal filings. (Doc. 29). In his "Motion for Temporary Restraining Order" (Doc. 30), the Plaintiff requests access to office supplies, confinement in isolation, and transfer to Lee State Prison. Plaintiff also alleges that this Court issued a TRO without notice to prison officials requiring Plaintiff's confinement in isolation in anticipation of an alleged transfer to Lee State Prison. Plaintiff goes on to request an enlargement of the nonexistent temporary restraining order, asking that his legal materials and a confiscated walking cane be returned to him. (Docs. 31 & 32).

The above-mentioned Motions fail for a number of reasons. First, none of the filings address the statements, reasoning, or conclusions contained within the Magistrate Judge's R&R, and cannot therefore be construed as objections to the R&R. Second, as correctly noted by the R&R and discussed above, Plaintiff's claims are wholly lacking in both factual and legal foundation.[4]

## CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Alter Judgment" (Doc. 27); "Motion to Strike Motion Declaration for Intervention of Body Injure [*sic*], TRO" (Doc. 28); "Motion for Temporary Restraining Order" (Doc. 30); "Enlargement Motion, Declaration for Temporary Restraining Order, PI" (Doc. 31); and "Enlargement Declaration Statement to Warden Per Chapter 12-2-4-03" are **HEREBY DENIED**.

---

[4] Even had Plaintiff sought and been granted leave to amend his Complaint a second time to recite the additional claims outlined in the filings submitted after July 3, 2007, Plaintiff's claims, as articulated, would be denied. Plaintiff fails to show a substantial likelihood that he will prevail on the merits of any of his claims. As the Magistrate Judge noted in the R&R, "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989).

**IT IS FURTHER ORDERED** that Plaintiff's first and second motions "to Enter into Evidence" (Docs. 33 & 34) are **HEREBY DENIED** as moot.

This case is **DISMISSED** for failure to state a claim upon which relief can be granted, and this civil action shall be **CLOSED**.

SO ORDERED this 12th day of February, 2008.

*[signature]*
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE