# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF GEORGIA

# DUBLIN DIVISION

| | |
|---|---|
| PATRICK FLORENCE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 306-087 |
| JAMES E. DONALD, et al., | ) ) ) |
| Defendants. | ) |

# ORDER

Before the Court are Plaintiff Florence's Motion to Alter Judgment (Doc. 37) and Florence's "Motion, Declaration of Fraud by Defendants" (Doc. 38). Plaintiff Florence, an inmate currently incarcerated at Calhoun State Prison in Morgan, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. On February 12, 2008, this Court entered an order adopting the Magistrate Judge's Report and Recommendation, denying several motions filed by Florence, and dismissing Florence's Complaint.[1] (Doc. 35). For the reasons discussed below, the pending Motions are **DENIED**.

This Court has twice dismissed Plaintiff's claims. (Docs. 21, 35). Pursuant to 28 U.S.C. § 1915(e) and 1915A, the Magistrate Judge performed an initial screening of

---

[1] Both Magistrate Judge and this Court considered Plaintiff's Complaint and Amended Complaint together. (Doc. 21, 35).

Plaintiff's claims, and issued a Report and Recommendation ("R&R") recommending that the case be dismissed (Doc. 21). On April 2, 2007, this Court entered an Order adopting the R&R, to which no objections had been filed. The Court denied Plaintiff's motions for a preliminary injunction and dismissed the case for failure to state a claim upon which relief could be granted.

On April 11, 2007, Plaintiff filed an objection (Doc. 23)[2] to the Court's Order pursuant to Fed. R. Civ. P. 59(e),[3] asserting that he never received the R&R because it was mailed to Johnson State Prison one day after he was transferred to Rivers State Prison. Noting the timing of Plaintiff's transfer, as well as Plaintiff's attempt to notify the Court of his change of address, the Court vacated its order adopting the R&R, and allowed Plaintiff thirty days to file objections. In response, Plaintiff filed several motions.

On February 12, 2008, this Court entered an order again adopting the Magistrate Judge's Report and Recommendation, denying the intervening motions filed by Plaintiff, and dismissing Plaintiff's Complaint for failure to state a claim upon which relief could be granted. (Doc. 35). Plaintiff responded by filing the instant Motion to Alter Judgment (Doc. 37) claiming that the Court's judgment should again be set aside because Plaintiff allegedly still has not received the Magistrate Judge's Report and Recommendation.

---

[2] The Plaintiff filed a second objection on April 20, 2007 (Doc. 24) reiterating the argument in his April 11 filing.

[3] Fed. R. Civ. P. 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

As noted above, Plaintiff has made the same claim—that he never received the R&R—before. In the previous instance, this Court gave Plaintiff the benefit of the doubt in light of his relocation and Plaintiff's attempt to keep the Court informed of his address. On this second occasion, however, the Court views Plaintiff's claim that he has not received the R&R with an informed skepticism.

Plaintiff, who at the conclusion of each filing he submits to this Court "declare[s] under penalty of perjury" that his statements are "true," has made a number of false representations to and on behalf of this Court in connection with the instant action. For example, several of the claims contained in Plaintiff's Complaint were premised on Plaintiff's "pending" request for a temporary restraining order ("TRO") in Florence v. Ankoh, 1:04-cv-038-WLS-RLH (M.D. Ga. Mar. 25, 2004). (Docs. 1, 8). Plaintiff's request for a temporary restraining order in that matter was denied on August 18, 2006, more than a month before Plaintiff filed the instant action on September 22, 2006. Thus Plaintiff's underlying Complaint is largely based on a false representation. Likewise, in his "Motion for Temporary Restraining Order" (Doc. 30), the Plaintiff alleges that this Court issued a TRO on his behalf without notice to prison officials and that the alleged TRO required Plaintiff's confinement in isolation in anticipation of a transfer to Lee State Prison. (Docs. 31 & 32). As this Court noted in its February 12, 2008 (Doc. 35) Order and as the docket reflects, this Court never issued such an order on Plaintiff's behalf.

Because Plaintiff is a *pro se* litigant rather than a member of the bar, his actions cannot properly be described as "fraud on the Court" or "abuse of process." However, Plaintiff's propensity for misrepresentation is apparent and has on several occasions

resulted in the waste of judicial resources. This Court will not countenance Plaintiff's continued attempts to manipulate court procedures.

This Court concludes Plaintiff's claim that he never received the R&R lacks truth and is without merit. Even assuming arguendo that Plaintiff never received the R&R through the inadvertence or will of prison officials or court staff, such a failure would be harmless. Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff is not entitled to relief because the majority of claims contained in his Complaint are premised on a non-existent TRO. Second, regarding Plaintiff's claim that he was improperly denied parole, the R&R correctly notes that § 1983 is not the proper vehicle through which to contest parole determinations, as Georgia prisoners lack a protected due-process liberty interest in parole. Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001) (*per curiam*) (citing Sultenfuss v. Snow, 35 F.3d 1494, 1501-03 (11th Cir. 1994) (*en banc*)).

Accordingly, Plaintiff Florence's Motion to Alter Judgment (Doc. 37) is **DENIED**. Plaintiff's "Motion, Declaration of Fraud by Defendants" (Doc. 38), which does not relate to any of the allegations contained in Plaintiff's Complaint, is also **DENIED** as moot. This case has been **DISMISSED** for failure to state a claim upon which relief can be granted, and this civil action shall remain **CLOSED**.

SO ORDERED this 16 day of April, 2008.

JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE